UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
LAN SANG

                                                                           Civil Action No.: 12-CV-07103 (JPO)

                              Plaintiff,

       -against-

MING HAI and LAW OFFICE OF MING HAI, P.C.


                             Defendants.
------------------------------------------------------------------ x


# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

                                                     WINGET, SPADAFORA &
                                                      SCHWARTZBERG, LLP
                                                   *Attorneys for the Defendants Ming Hai and*
                                                   *Law Office of Ming Hai, P.C.*
                                                   45 Broadway, 19th Floor
                                                   New York, New York 10006
                                                   (212) 221-6900


*On the Brief*:   Dianna D. McCarthy

**TABLE OF CONTENTS**

I.  Plaintiff Fails to Plead Defamation …………...…………………………………….1

   A. The statement Plaintiff claims accuses her of "bestiality" is not of and
      concerning Plaintiff and is non-actionable……………….....…………………..1

   B. The statement Plaintiff claims accuses her of "criminal activity" is
      non-actionable and not defamatory per se ……………………………………………2

   C. The statement Plaintiff claims accuses her of desiring to be Defendants'
      mistress does not constitute defamation per se……………………………………..4

   D. Fair reports on judicial proceedings are not defamatory …………………………5

   E. Plaintiff fails to sufficiently plead special damages ……………………………...6

II.  Plaintiff Fails to Plead Violations of N.Y. Civ. Law §§50-51 ……………………….7

III. Plaintiff Fails to Allege a Valid Cause of Action for Breach of
     Contract of Breach of Fiduciary Duty ………………………………………………..8

IV.  Plaintiff Fails to Plead Valid Causes of Action for Tortious
     Interference with Contractual and Business Relations ……………………………….8

V.   Plaintiff Fails to Properly Plead a Valid Cause of Action for Intentional
     Infliction of Emotional Distress ………………………………………………………9

VI.  The Case may be Properly Transferred to State Court in Queens County ………….10

VII. Conclusion ……………………………………………………………………………..10

# TABLE OF AUTHORITIES

New York Civil Rights Law § 50-51. ................................................................. 7

New York Civil Rights Law § 74. ...................................................................... 5, 6

RESTATEMENT (SECOND) OF TORTS § 571, Comment G. ............................... 3

RESTATEMENT (SECOND) OF TORTS § 611. ...................................................... 6

125 Church St. Devel. Co. v. Grassfield, 170 Misc. 2d 31 (Civ. Ct., N.Y County 1996). ... 10

800-Flowers, Inc. v. Intercontinental Florist, 860 F. Supp. 128 (S.D.N.Y. 1994). ... 10

Barbara v. Marinemax, Inc., 2012 U.S. Dist. LEXIS 171975 (E.D.N.Y. 2012). ... 8

Biro v. Conde Nast, 2012 U.S. Dist. LEXIS 112466 (S.D.N.Y. 2012). ... 1, 3, 4

Black Radio Network, Inc. v. NYNEX Corp., 2000 U.S. Dist. LEXIS 594 (S.D.N.Y. 2000). ... 8, 9

Finger v. Omni Publ'ns Int'l, 77 N.Y.2d 138 (N.Y. 1990) ... 8

Fischer v. Maloney, 43 N.Y.2d 553 (1978) ... 9

Flentye v. Kathrein, 485 F. Supp. 2d 903 (N.D. Ill. 2007) ... 2

Glantz v. Cook United, Inc., 499 F. Supp. 710, (E.D.N.Y. 1979) ... 6

Gonzales v. Gray, 2000 U.S. App. LEXIS 16244 (N.Y. App. Div. 2d Dep't 2000) ... 5, 6

Hyatt v. Salisbury, 207 Misc. 785 (N.Y. Sup. Ct. 1955). ... 4

Kronos, Inc. v. AVX Corp., 81 N.Y.2d 90 (1993). ... 8, 9

Mann v. Abel, 10 N.Y.3d 271 (N.Y. 2008). ... 4, 5

Manno v. Hembrooke, 120 A.D.2d 818 (N.Y. App. Div. 3d Dep't 1986)     9

Matherson v. Marchello, 100 A.D.2d 233 (N.Y. 2d Dep't 1984).     6, 7

Messenger v. Gruner + Jahr Printing & Publ'g, 94 N.Y.2d 436 (N.Y. 2000).     7

Sheng Gang Deng v. Shag Qing Chen, 2010 N.Y. Misc. LEXIS 2135 (N.Y. Sup. Ct. May 13, 2010).     2

Sprewell v. NYP Holdings, Inc., 1 Misc. 3d 847 (N.Y. Sup. Ct. 2003).     7

Stevens v. State of New York, 691 F.Supp.2d 392 (S.D.N.Y. 2009).     9

The Reporters' Ass'n of America v. The Sun Printing and Publishing Ass'n, 186 N.Y. 437 (1906).     7

I. **PLAINTIFF FAILS TO PLEAD DEFAMATION**

  A. The statement Plaintiff claims accuses her of "bestiality" is not of and concerning Plaintiff and is non-actionable

Plaintiff's Memorandum of Law in Opposition to Defendants' Ming Hai and Law Office of Ming Hai, P.C. ("Defendants") Motion to Dismiss Plaintiff's Second Amended Complaint, ("Opp.") requires the Court apply a strained and artificial construction to find a defamatory meaning within the alleged statements made by Ming Hai ("Mr. Hai"). Specifically, Plaintiff alleges Defendants published statements suggesting "Plaintiff encouraged and allowed bestial acts between her boyfriend and her dog." See Opp. at p. 8. Courts are not to "render statements actionable by giving them a strained or artificial construction." See Biro v. Conde Nast, 2012 U.S. Dist. LEXIS 112466, *26 (S.D.N.Y. 2012). The operative statement Plaintiff alleges accuses her of encouraging and permitting bestiality is "…Sang Lan said Huan Jian wanted to sexually assault Xiaomei by wearing condoms..." See Opp. at p. 7; see also the Complaint annexed to the Declaration of Dianna D. McCarthy, dated January 28, 2013, ("McCarthy Decl.") as Exhibit "A" at ¶17. Nowhere does Plaintiff plead Defendants accused her of agreeing Huan Jian should sexually assault Xiaomei; of encouraging Huan Jian to assault Xiaomei; or even that Huan Jian did in fact ever sexually assault Xiaomei. See McCarthy Decl., at Exhibit "A" generally. In fact, Plaintiff fails to plead Defendants made any statement about Plaintiff's feelings, opinions, or actions concerning the matter whatsoever. See Id. To take the statement plead by Plaintiff, and to suggest it means to the average reader that Plaintiff "encouraged" and "allowed" bestial acts to occur, requires applying a strained and artificial construction of the meaning behind the alleged statement.

Furthermore, for a statement to be defamatory, the most basic element the Plaintiff must establish is that the statement is of and concerning the Plaintiff. See supra Biro, 2012 U.S. Dist.

1

LEXIS 112466, at *23. The statement here fails in this respect, as it allegedly concerns Huan Jian. In an attempt to establish standing, the Opposition suggests the statement at issue here concerns Plaintiff as it relates to "her and her family." See Opp. at p. 8. The case law cited by Plaintiff falls extremely short of conveying standing on an individual for defamation, based upon allegations made against their family. See Flentye v. Kathrein, 485 F. Supp. 2d 903, 921-922 (N.D. Ill. 2007) (cited by Plaintiff, involving allegations against the plaintiff **and** his family, not only the plaintiff's family) (emphasis added). Even *assuming arguendo,* that the argument is valid, the Flentye case is distinguishable as Plaintiff alleges Huan Jian is her former manager and boyfriend, not a member of her family. See Opp. at p. 2 n.2. Plaintiff is unable to establish based on the statements in the Complaint that Defendant accused her of engaging, encouraging or permitting acts of bestiality. This statement further does not expose Plaintiff to public hatred, shame, obloquy, ridicule or contempt, as it is not about her. As such, this statement does not concern Plaintiff, is non-actionable, and the claim for defamation based upon it must be dismissed.

    B. The statement Plaintiff claims accuses her of "criminal activity" is non-actionable and not defamatory per se

The Opposition seeks to characterize the alleged statements "Sang Lan has defaulted on her rent and stole the keys. She also accused me of misleading her" and "Lan Sang provided me falsified evidence for her case" as statements accusing Plaintiff of engaging in criminal conduct. See Opp. at p. 12. The allegation that defaulting on rent or stealing keys constitutes the type of criminal activity sufficient to qualify as defamation per se is simply untrue. On the contrary, not every imputation of unlawful behavior is sufficient for per se liability. See Sheng Gang Deng v. Shag Qing Chen, 2010 N.Y. Misc. LEXIS 2135, 12 (N.Y. Sup. Ct. May 13, 2010). The extension of criminal punishment to minor offenses requires there be "some

distinction as to the character of the crime, since a charge of a traffic violation for example, would not exclude a person from society, and today would do little, if any, harm to his [or her] reputation at all." See Id. (citing Prosser §112, at 789).  Accordingly, the law draws distinctions between serious and relatively minor offenses; and only statements regarding serious offenses are actionable without proof of damage.  See Id. (citing Restatement §571, Comment G).  The types of major offenses that qualify for per se liability include: kidnapping, rape, burglary, larceny, arson and murder.  See Id.  Defaulting on rent, or stealing a key are minor offenses comparable to traffic violations, and are not the type of offenses that subject a person to ridicule, contempt, obloquy, disgrace or that would deprive one of friendly intercourse with society. Moreover, the statement at issue if anything concerns a civil breach of contract matter between a landlord and tenant, not a charge of criminality.  Plaintiff's allegation that the statement "Sang Lan has defaulted on her rent and stole the keys" is not per se defamatory, and as such requires pleading special damages and causation, which Plaintiff fails to sufficiently plead.  Accordingly, Plaintiff's defamation claim based upon this statement must be dismissed.

The statement "She [Sang Lan] accused me [Defendants] of misleading her" is not a statement that is of and concerning the Plaintiff.  To be defamatory, the statement at issue must defame Plaintiff.  See supra Biro, 2012 U.S. Dist. LEXIS 112466, at *23.  If anything, the statement here accuses Defendants of wrongdoing.  As such, this statement is non-actionable, and any claims based upon it must be dismissed.

Last, the Opp. asserts the statement "Lan Sang provided me falsified evidence for her case" suggests that Plaintiff falsified certain documents, is a thief, and engaged in a serious crime.  See Opp. at p. 12-13.  In order to find that meaning in the statement, the Court would have to strain the words in such a manner as to give them an artificial construction.  Nowhere in

the Complaint is it alleged that Defendants accused Plaintiff of falsifying evidence. <u>See</u> McCarthy Decl., Exhibit "A" generally. In fact, Plaintiff fails to plead Defendants even stated Plaintiff knew such evidence was falsified. <u>See</u> <u>Id</u>. Courts are not to "render statements actionable by giving them a strained or artificial construction." <u>See</u> supra <u>Biro</u>, 2012 U.S. Dist. LEXIS 112466, *26. Plaintiff's attempt to draw from these words the suggestion that "Plaintiff is a thief" is a distortion of the statement alleged in the Complaint. Accordingly, this statement is not defamatory per se, requires pleading special damages as well as causation, which Plaintiff fails to sufficiently plead here.

    C. <u>The statement Plaintiff claims accuses her of desiring to be Defendants' mistress does not constitute defamation per se</u>

The Opposition argues that the statement "Lan Sang said if Huan Jian abandoned her, then she would come to the United States and be Hai Ming's mistress" is defamatory per se. For a statement to be defamatory it must be capable of being proven true or false. <u>See</u> <u>Mann v. Abel</u>, 10 N.Y.3d 271, 276 (N.Y. 2008). As an initial matter, the above statement is incapable of being proven true or false as it is a conditional statement. However, even if it were capable of being proven true or false, referring to someone as a "mistress" is not sufficient to implicate per se defamation liability. As addressed more fully in Defendants' moving papers, simply calling a woman a name, or suggesting she made advances to a man does not imply she is unchaste. <u>See</u> <u>Hyatt v. Salisbury</u>, 207 Misc. 785, 788 (N.Y. Sup. Ct. 1955). As a result, the alleged statements "Would I accept this mistress?" and that Lan Sang said she would become "Hai Ming's mistress" fail as a matter of law. Accordingly, these statements are not defamatory per se, require pleading special damages and causation, which Plaintiff fails to plead in the Complaint.

The last statement Plaintiff alleges implies she is unchaste, is "She [Lan Sang] also told me how bad my wife is and how nice she is." <u>See</u> Opp. at p. 14. Again, this statement does not

in any way defame Plaintiff.  If anything, this statement concerns Defendants' wife by suggesting she is somehow "bad," and even then still constitutes nothing more than an opinion. See Id.; see also See Mann v. Abel, 10 N.Y.3d 271, 276 (N.Y. 2008) (holding opinion is always privileged).  To find any defamatory meaning here requires the Court to construct an artificial meaning of the words and to distort them beyond recognition.  As such, this statement is non-actionable and any defamation clam based upon it must be dismissed.

> D. Fair reports on judicial proceedings are not defamatory

Defendants filed an action against Plaintiff on or about August 25, 2011 in Queens County Civil Court.  See Exhibit "C" to the McCarthy Decl.  By Plaintiff's own admission, she defaulted and was forced to file an order to show cause to vacate the default judgment entered against her.  See Exhibit "D" to the McCarthy Decl., at Plaintiff's Affidavit in Support at ¶1. The Opposition alleges the statement "I won the prosecution for delinquent legal fees for all 12 charges against Lan Sang…. Because [Lan Sang] did not appear in Court, the Court granted a default judgment….We sued for 12 charges; each charge is for $25,0000; so we won $30,000" is defamatory.  See Opp. at p. 15; see also McCarthy Decl., Exhibit "A" at ¶¶ 24-25.  However, as stated in Defendants' moving papers, a civil action cannot be maintained against any person for a fair and true report of a judicial proceeding.  See N.Y. Civ. Rights Law §74.  Plaintiff alleges Defendants are not entitled to the benefit of this defense as it is designed to protect media outlets, and does not apply when statements imply misconduct beyond that alleged in the judicial proceeding on which the report is based.  See Opp. at p. 16-17.

As an initial matter, §74 of the Civil Rights Act is broad and extends to any person, even individuals involved in the action, who make an oral, written or printed report on information available to the general public.  See Gonzales v. Gray, 2000 U.S. App. LEXIS 16244, 1 (N.Y.

App. Div. 2d Dep't 2000) (holding the plaintiff's statements were part of a fair and true report of the plaintiff's suit); see also Restatement 2d Torts, §611.  Plaintiff's argument that Defendants are not entitled to the benefit of this defense as Defendants are interested parties is without merit.  Moreover, the allegation that Defendants' alleged report that Plaintiff defaulted somehow implies "wrongdoing" in that "she failed to defend herself in legal proceedings" is absurd.  See Opp. at p. 17.  The alleged statement that a default was entered against Plaintiff, does not imply any fact or opinion beyond the simple report of the judicial proceeding, that a default was entered.  In Glantz v. Cook United, Inc., 499 F. Supp. 710, (E.D.N.Y. 1979), cited by Plaintiff, the Court held the protection of Civil Rights Law §74 did apply, and that the public interest in favor of §74 was so great, that although the statutes predecessors limited protection to members of the media who published reports without malice, that it now applies to any person whether or not he acts with malice.  See supra Glantz, 399 F. Supp. at 15.  Defendants' fair and substantially accurate alleged report of the judicial proceeding is properly afforded immunity under Civil Rights Law §74.  As such, Plaintiff's claim for defamation on this statement must be dismissed.

    E.  <u>Plaintiff fails to sufficiently plead special damages</u>

In support of Plaintiff's alleged entitlement to special damages, the Opp. focuses largely on eight purported endorsement contracts that were cancelled.  See Opp. at p. 18.   Even providing Plaintiff a generous reading of the Complaint, and assuming Plaintiff did in fact lose all eight endorsement contracts at the value alleged, Plaintiff fails to plead how the loss of each endorsement contract was caused by Defendants' alleged statements.  There must be a causal link between the special damages and the alleged injury to the plaintiff's reputation; it is not sufficient for the special damages to have been caused merely from the effects of the alleged defamation.  See Matherson v. Marchello, 100 A.D.2d 233, 235 (N.Y. 2d Dep't 1984).  The Opp.

solely states the legal conclusion that as a direct result of "defendants' **defamation**, plaintiff's existing endorsement contracts were cancelled." See Opp. at p. 23 and McCarthy Decl., Exhibit "A" at ¶¶ 61 and 66. (emphasis added). The case law cited by the Opp. which held special damages were adequately pled, is easily distinguishable. In the Sprewell case cited by Plaintiff, the Court held the complaint alleged a factual causal relationship between the alleged defamatory publication and the fine at issue. See Sprewell v. NYP Holdings, Inc., 1 Misc. 3d 847, 855-856 (N.Y. Sup. Ct. 2003). Here, no such causal link is alleged.

The Opp. and Complaint make no mention of how the alleged defamatory statements at issue injured Plaintiff's reputation, or even how that alleged injury to her reputation caused the endorsement contracts to be cancelled. See supra Matherson, 100 A.D.2d at 235. Courts have consistently held that a breach of contract cannot be regarded as the legal consequence of libel. See The Reporters' Ass'n of America v. The Sun Printing and Publishing Ass'n, 186 N.Y. 437, 443 (1906). As such, Plaintiff fails to plead special damages as there is no causal link alleged between the injury to Plaintiff's reputation and the cancellation of the alleged contracts.

## II. PLAINTIFF FAILS TO PLEAD VIOLATIONS OF N.Y. CIV. LAW §§50-51

Affording Plaintiff a generous reading of the Complaint, and accepting as true the facts alleged and permitting all reasonable inferences to be drawn therefrom, Plaintiff fails to sufficiently plead that Defendants violated §§50-51 of the Civil Rights law. The Opp. admits that newsworthiness includes social trends or any subject of public interest. See Opp. at p. 21; see also Messenger v. Gruner + Jahr Printing & Publ'g, 94 N.Y.2d 436, 441 (N.Y. 2000). According to Plaintiff, she is a world class gymnast and renowned international celebrity. See McCarthy Decl., Exhibit "A" at ¶¶1 and 61. Given the broad interpretation of newsworthiness provided by the New York courts, matters concerning a renowned international celebrity qualify

as matters of public interest. Moreover, the question of whether Defendants' alleged publication as plead by Plaintiff, qualifies as newsworthy is not a question of fact as Plaintiff alleges that need be addressed at trial. See Opp. at p. 21. On the contrary, the question of newsworthiness may easily be disposed of as a matter of law by a motion to dismiss. See Finger v. Omni Publ'ns Int'l, 77 N.Y.2d 138, 143 (N.Y. 1990) (affirming a decision granting a motion to dismiss for failure to state claim based upon the newsworthiness exception). As such, dismissal of Plaintiff's Civil Rights cause of action is warranted, and the complaint must be dismissed.

### III. PLAINTIFF FAILS TO ALLEGE A VALID CAUSE OF ACTION FOR BREACH OF CONTRACT OR BREACH OF FIDUCIARY DUTY

As stated in Defendants' moving papers, when a cause of action for breach of fiduciary duty and breach of contract are based on the same duties, the claims are duplicative. See Barbara v. Marinemax, Inc., 2012 U.S. Dist. LEXIS 171975, *51 (E.D.N.Y. 2012). According to the Complaint, the causes of action for breach of contract and for breach of fiduciary duty are both based upon Defendants' attorney-client relationship with Plaintiff. See McCarthy Decl., Exhibit "A" at ¶¶54 and 69. The Opp. fails to even attempt to distinguish these causes of action. When claims are duplicative, dismissal is warranted. See supra Barbara v. Marinemax, Inc., 2012 U.S. Dist. LEXIS at 24. Although Plaintiff's Complaint may be entitled to deference, such duplicative claims are properly disposed of by a motion to dismiss, and need not be addressed at trial. See Id.; see also Opp. at p. 22.

### IV. PLAINTIFF FAILS TO PLEAD VALID CAUSES OF ACTION FOR TORTIOUS INTERFERENCE WITH CONTRACTUAL AND BUSINESS RELATIONS

A claim for tortious interference requires the critical element of knowledge of the business contract or prospective business relation. See Opp. at p. 23-24; see also See Kronos, Inc. v. AVX Corp., 81 N.Y.2d 90, 94 (1993); see also Black Radio Network, Inc. v. NYNEX

Corp., 2000 U.S. Dist. LEXIS 594, at *13 (S.D.N.Y. 2000).  Noticeably absent from Plaintiff's Complaint and Opp., is the allegation that Defendants had any knowledge of the purported contracts or prospective business relations.  Absent knowledge of the contracts or relationship, Plaintiff is unable to sufficiently plead causes of action for tortious interference with contractual or business relations.  See supra Kronos, Inc., 81 N.Y.2d at 94; Black Radio Network, Inc., 2000 U.S. Dist. LEXIS *13.  As such, dismissal of these causes of action is warranted.

V.    **PLAINTIFF FAILS TO PROPERLY PLEAD A VALID CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

As discussed in Defendants' moving papers, the bar to stating a cause of action for intentional infliction of emotional distress is high.  See Stevens v. State of New York, 691 F.Supp.2d 392, 399 (S.D.N.Y. 2009).  Plaintiff's Opp. asserts the basis of the defamation causes of action are the grounds to support Plaintiff's intentional infliction of emotional distress claim.  See Opp. at p. 26.  However, this argument is merely further grounds for dismissal.  Conduct alleged to support a claim for emotional distress that falls within the scope of another cause of action, bars recovery of damages and warrants dismissal. See Manno v. Hembrooke, 120 A.D.2d 818, 820 (N.Y. App. Div. 3d Dep't 1986) (dismissing the emotional distress claims when they were based on the same conduct alleged in support of a claim for libel); See also Fischer v. Maloney, 43 N.Y.2d 553, 558 (1978) (holding a cause of action for intentional infliction of emotional distress should not be entertained when the conduct complained of falls well within the ambit of other traditional tort liability).  Last, Defendants did not allegedly state that Plaintiff engaged in bestial acts.  As the conduct complained of in the Complaint is not sufficiently outrageous, and is duplicative of the defamation claims as a matter of law, dismissal is warranted on the pleadings.

## VI. THIS CASE MAY BE PROPERLY TRANSFERRED TO STATE COURT IN QUEENS COUNTY

Under the "First Filed Rule" the court which first has possession of the action decides it. This rule holds when two courts have concurrent jurisdiction over the action. See 800-Flowers, Inc. v. Intercontinental Florist, 860 F. Supp. 128 (S.D.N.Y. 1994). Although Defendants do not question this Court's jurisdiction, Defendants merely submit that the Civil Court of Queens County had first possession of the action at issue here. Additionally, the Opposition's argument that Plaintiff's claims exceed the jurisdictional limits of the Civil Court is without merit, as the $25,000 monetary limit does not apply to counterclaims. See Const. Art. VI, §15(b); NY CLS NYC Civil Ct. Act § 208(b); see also 125 Church St. Devel. Co. v. Grassfield, 170 Misc. 2d 31 (Civ. Ct., N.Y County 1996). Accordingly, the case may be properly transferred to the Civil Court of Queens County.

## VII. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court grant judgment dismissing the Plaintiff's Second Amended Complaint in its entirety, or in the alternative transfer this action to Civil Court of the City of New York, for attorneys fees and costs, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
        March 4, 2013

                                                 WINGET, SPADAFORA & SCHWARTZBERG, LLP
*Attorneys for Defendants Ming Hai and Law Office of Ming Hai, P.C.*

By:    /s/ Dianna McCarthy           .
Dianna D. McCarthy (DDM - 5099)
45 Broadway, 19th Floor
New York, New York 10006
(212) 221-6900
(212) 221-6989 (facsimile)